IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TRINA SALGADO,                          )
                                        )
                    Plaintiffs,         )
                                        )
v.                                      )   Case No. CIV-12-187-D
                                        )
SUN LOAN, INC.,                         )
                                        )
                    Defendant.          )

## O R D E R

Before the Court is Defendant's Motion to Dismiss [Doc. No. 6], filed pursuant to

Fed. R. Civ. P. 12(b)(6).  Plaintiff has failed to file a timely response, and the Court in the

exercise of discretion under LCvR7.1(g) deems the Motion confessed.[1]  For this reason, and

other reasons set forth herein, the Court finds that the Motion should be granted.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 as amended,

42 U.S.C. § 2000e *et seq*., to recover damages for the alleged retaliatory termination of her

employment because she complained of discriminatory treatment by an office manager.  The

Complaint alleges that Plaintiff filed a timely administrative complaint with the Equal

Employment Opportunity Commission (EEOC) regarding her termination, and "[t]he EEOC

mailed a Notice of Right to Sue on November 15, 2011."  *See* Compl. [Doc. No. 1] ¶ 1.  A

copy of the EEOC notice, dated November 15, 2011, is attached to the Complaint.  *See id*.

attach. 1 [Doc. No. 1-1].  Based on these allegations and the attachment, and utilizing the

---

[1] Although Plaintiff is a *pro se* litigant whose pleadings are held to a less stringent standard than ones drafted by lawyers, this Court may properly insist that she "'follow the same rules of procedure that govern other litigants.'"  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)).

presumption of Fed. R. Civ. P. 6(d) that mail is received three days after mailing, Defendant contends that this civil action is time barred because it was not filed within 90 days after Plaintiff received the notice, as required by 42 U.S.C. § 2000e-5(f)(1).

## Standard of Decision

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). In addition to the complaint itself, documents attached to it or incorporated by reference, as well as "matters of which a court may take judicial notice," may properly be considered. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). The court of appeals has recognized that "'[i]f the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Defendant contends this situation is presented here.

**Discussion**

Title VII authorizes an aggrieved person to file a civil action, but mandates a 90-day filing period that operates like a statute of limitations. *See Brown v. Hartshorne Public Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 395 (1982). "The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice." *See Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998). In this case, only the date of mailing is alleged in the Complaint or shown by the attached notice. However, the court of appeals has approved a "rebuttable presumption of receipt" when "a properly addressed piece of mail is placed in the care of the postal service." *See id.* at 1429-30. The presumption arises in this case from Plaintiff's allegation of mailing, and the fact that the address listed on her pleading and on the EEOC notice are the same. *See* Compl. [Doc. No. 1] at 6; Notice [Doc. No. 1-1].

The court of appeals "has never expressly addressed the issue of mailing time presumptions, . . . [but has] implicitly sanctioned applying either a five-day or a three-day presumption." *See Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) (citing *Witt*, 136 F.3d at 1429-30 (5 days), and *Jarrett v. U.S. Sprint Comm. Co*., 22 F.3d 256, 259 (10th Cir. 1994) (3 days)). In *Lozano*, the court of appeals declined to decide "whether the presumption should be three days or five, as resolution of that issue is unnecessary for disposition of this case." *See id.*

Similarly, in this case, the time length of the presumption has no bearing on the disposition of Defendant's Motion. This action was filed on February 21, 2012, which is

3

98 days after the EEOC mailed the right-to-sue notice.  Regardless whether Plaintiff received the notice in three or five days, Plaintiff filed suit after the 90-day limitations period had expired.  Accordingly, absent some basis for equitable tolling, this action is time barred.  "In this circuit, a Title VII time limit will be tolled only if there has been active deception of the claimant regarding procedural requirements."  *Witt*, 136 F.3d at 1430; *Jarrett*, 22 F.3d at 260-61.  Plaintiff's pleading contains no allegations that would suggest any reason to extend the statutory period.  Thus, the Court finds this action was not timely filed.

In summary, because Plaintiff has not alleged any basis to overcome the presumption of timely receipt of the EEOC notice or to toll the limitations period, Plaintiff's Title VII claim is time barred, and Defendant is entitled to the dismissal of this action.

### Conclusion

For these reasons, the Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 6] is GRANTED.  Judgment shall be entered accordingly.

IT IS SO ORDERED this 29th day of May, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE